**SO ORDERED**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

**In re:  Case No.:   09–16280 – PM      Chapter:   7**

Cheryl H. Martin
4804 Silverbrook Way
Bowie, MD 20720

## MEMORANDUM ORDER DENYING MOTION TO REOPEN
## NO ASSET CHAPTER 7 CASE TO ADD CREDITOR

The Debtor(s) has/have moved to reopen this closed, no asset case. The motion represents that the Debtor(s) failed to list Bank of America c/o Portfolio Recov Serv, Portfolio Recovery Services, Berger and Waddell, LLc, Chevy Chase Bank c/o NCO Financial Sys, NCO Financial Systems, Commission Express MCF, CompuCredit/Emerge/FNBO, Consumer Portfolio Svs, First Premier Bank, GEICO Credit Collection Services, Hilco Receivables LLC, Cartegy, Nationwide Credit Corp, Washington Gas Light co., Provident Bank, Associated Credit Services, Inc., RJM Acquisitions, Wachovia Bank, Trojan Professional Services, Woodmore Dental, Valley Credit Services, mark Bartholomew, DDS, Worthington, Moore & Jacobs ("Creditor") on any schedule of creditors, and the Debtor(s) is/ are now at risk to collection action by the Creditor. Therefore, the Debtor(s) seek(s) to reopen this case to amend the Debtor(s)' schedules to add the Creditor. No ground exists to reopen the case for the reasons set forth in In re Stecklow, 144 B.R. 314 (Bankr. D. Md. 1992), and In re Harmon, 213 B.R. 805 (Bankr. D. Md. 1997).

As explained in the Stecklow and Harmon opinions, the failure by the Debtor(s) to list the Creditor does not automatically deprive the Debtor(s) of a discharge of the claim held by the Creditor. 11 U.S.C. § 523(a)(3) prevents the discharge of an unlisted claim if the failure to schedule the claim results in that Creditor being deprived of the opportunity to timely file a proof of claim. In addition, if the claim is of a kind which would have been held nondischargeable by reason of false pretenses, fraud, willful and malicious injury, as more fully set forth in 11 U.S.C. §§ 523(a)(2), (4), and (6), the failure to schedule the claim will prevent the discharge of the unscheduled claim where such failure was prevented the Creditor from filing a timely request for determination of dischargeability.

Because this bankruptcy case was a no asset case, the notice sent to creditors who had been scheduled did not contain a deadline for filing proofs of claims. Accordingly, the failure to schedule the Creditor did not deprive the Creditor of the opportunity to timely file a proof of claim; and it therefore appears that the Creditor's claims may have been discharged, even though it had not been scheduled. If the Creditor's claim arises from fraud, misrepresentations, willful or malicious injury, as more fully set forth in 11 U.S.C. § 523(a)(2), (4), or (6), that claim may not have been discharged. Further, if one of the other exceptions to discharge in 11 U.S.C. § 523(a) is found to be applicable to the Creditor's claim, the claim will not have been discharged.

The Debtor(s) may raise the issue of discharge in a non–bankruptcy court as a potential defense to collect litigation. The non–bankruptcy court has concurrent jurisdiction with the bankruptcy court to determine if a Debtor(s)' discharge applies to a particular claim. Consequently, if the Creditor alleges that the claim on which suit is brought is nondischargeable, the non–bankruptcy court may rule whether the claim was discharged.

For these reasons, it is not necessary to reopen this case. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the motion by the Debtor(s) to reopen this case is denied.

cc:    Debtor(s)
       Attorney for Debtor(s) – PRO SE
       Chapter 7 Trustee – Cheryl E. Rose
       U.S. Trustee
       Respondent Creditor(s) –

**31.5 –** *khorning*

## End of Order